UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAOSI B. FREDERICK,

        Plaintiff,

-against-

JOE BIDEN,

        Defendant.

23-CV-7659 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action expressing his desire to have the House of Representatives impeach and incarcerate President Joesph Biden and "put [Donald] Trump back in office." (ECF 1 at 2, 5-6.) By order dated October 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff makes the following allegations:

We need the House to impeach Joe Biden. And also find President Donald J. Trump $701 million and keep him out of prison.

(ECF 1 at 2.) He asks the Court to order that President "Biden . . be jail[ed]" and required to "refund $21 million," as well as "the 8 billion he gave to South Afric[a] to stop using coal." (*Id.* at 6.)

Plaintiff wants to "put Trump back into office . . .so he can use his tourism business to boost the USA economy" and want to "keep . . . Trump men in office." (*Id.* at 5.) Plaintiff concludes: "That's the plan and we all get $500 every Xmas." (*Id.*)

## DISCUSSION

A. **Standing to Sue**

Article III of the U.S. Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997)); *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) ("[S]tanding doctrine evaluates a litigant's personal stake as of the outset of litigation.").

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant, and (iii) that the injury would likely be redressed by judicial relief." *Id.* "The party invoking federal jurisdiction bears the burden of establishing" each element of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 39 (2016) (citing *Lujan*, 504 U.S. at 560 n.1). In contrast, "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Here, Plaintiff's alleged injury is that he disagrees with the policies of President Joe Biden and prefers to have former President Donald Trump reinstated. The "injury" of disagreeing with an elected official's policies, if it can be considered as such, is not particularized; instead this is at most a generalized grievance that Plaintiff "suffers in some indefinite way in common with people generally." *DaimlerChrysler Corp. v. Cuno*, 547 U.S.

3

332, 345 (2006). Plaintiff thus lacks standing to bring claims seeking to compel the House of Representatives to impeach President Joe Biden or adopt other measures.

**B.       Political Question**

Plaintiff's claims also implicate the political question doctrine. *See, e.g.*, *DaCosta v. Laird*, 471 F.2d 1146, 1152 n.10 (2d Cir. 1973) (holding that, unlike standing, which focuses on the "nature of the party seeking a judgment," the political question doctrine "focuses on the nature of the issue presented to the court"). Though the political question doctrine and standing doctrine have different points of focus, they both "originate in Article III's 'case' or 'controversy' language[.]" *DaimlerChrysler Corp.*, 547 U.S. at 353. "[T]he political question doctrine is a function of the constitutional framework of separation of powers. [and] is essentially a constitutional limitation on the courts. . . .[W]here adjudication would force the court to resolve political questions, the proper course for the courts is to dismiss." *767 Third Ave. Assoc. v. Consulate Gen. of Socialist Fed. Republic of Yugoslavia*, 218 F.3d 152, 164 (2d Cir. 2000) (quotation marks and citations omitted).

The Supreme Court has identified six independent tests for the existence of a non-justiciable political question:

> [i] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [ii] a lack of judicially discoverable and manageable standards for resolving it; or [iii] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [iv] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of the government; or [v] an unusual need for unquestioning adherence to a political decision already made; or [vi] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Vieth v. Jubelirer*, 541 U.S. 267, 277-78 (2004) (quoting *Baker v. Carr*, 369 U.S. 186, 217 (1962)). The doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of

Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986).

Here, Plaintiff's claims against President Joe Biden challenge policy choices and value determinations constitutionally committed to the Legislative and Executive Branches. Accordingly, in addition to the fact that Plaintiff lacks standing to assert any of the claims that he brings, his claims are also within the political question doctrine and not subject to adjudication by the federal courts.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   November 6, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge